## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**SANDY R.,**

      **Plaintiff,**

                             **Case No. 2:19-cv-19917**

     **v.**                       **Magistrate Judge Norah McCann King**

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

      **Defendant.**

## <u>OPINION AND ORDER</u>

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Sandy R. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's application.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

## I.    PROCEDURAL HISTORY

On December 30, 2015, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that he has been disabled since May 2, 2014. R. 115, 129,

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity.

142s−43, 145, 171−72, 258−66.[2] The applications were denied initially and upon

reconsideration. R. 177−87, 189−94. Plaintiff sought a *de novo* hearing before an administrative

law judge. R. 195−96. Administrative Law Judge ("ALJ") Peter R. Lee held a hearing on July

23, 2018, at which Plaintiff, who was represented by counsel, testified, as did a vocational

expert. R. 43−86. In a decision dated November 21, 2018, the ALJ concluded that Plaintiff was

not disabled within the meaning of the Social Security Act from May 2, 2014, the alleged

disability onset date, through the date of the decision. R. 23−35. That decision became the final

decision of the Commissioner of Social Security when the Appeals Council declined review on

October 3, 2019. R. 1−6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF

No. 1. On June 4, 2020, Plaintiff consented to disposition of the matter by a United States

Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil

Procedure. ECF No. 10.[3] On that same day, the case was reassigned to the undersigned. ECF No.

11. The matter is now ripe for disposition.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the

authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204

---

[2] Plaintiff filed an earlier application for disability insurance benefits on June 2, 2014, alleging a disability onset date of August 28, 2010. R. 93. An ALJ denied this claim on May 1, 2014, R. 90−106, and the Appeals Council denied review on July 14, 2015. R. 107−13. Plaintiff therefore notes that he "has an administratively imposed onset date of May 2, 2014, the day after the date of the previous unfavorable decision, based on the doctrine of *res judicata*. However, Plaintiff has not worked since 2010[.]" *Plaintiff's Brief*, ECF No. 9, p. 1 n.3 (citing R. 48−49).

[3] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.");

*see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short

4

paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Absent

such articulation, the Court "cannot tell if significant probative evidence was not credited or

simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the
> weight [s/]he has given to obviously probative exhibits, to say that [the] decision is
> supported by substantial evidence approaches an abdication of the court's duty to
> scrutinize the record as a whole to determine whether the conclusions reached are
> rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can

enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or

without remanding the cause for a rehearing."  42 U.S.C. § 405(g). Remand is appropriate if the

record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or

contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210,

221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a

complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the

record.  *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see*

*A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award

benefits should be made only when the administrative record of the case has been fully

developed and when substantial evidence on the record as a whole indicates that the claimant is

disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation

omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to

support an award of benefits, courts take a more liberal approach when the claimant has already

faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An

award is "especially appropriate when "further administrative proceedings would simply prolong

[Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

### B.  Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.    ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 46 years old on his alleged disability onset date. R. 33. Plaintiff met the insured status requirements of the Social Security Act through June 30, 2015. R. 26. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between May 2, 2014, the alleged disability onset date, and the date of the decision. *Id.*

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, radiculopathy, headaches, status-post rotator cuff tear of the right shoulder, osteoarthritis of bilateral shoulders, TMJ dysfunction syndrome, obesity, sleep apnea, and ACL tear of the left knee. *Id.* The ALJ further found that Plaintiff's hyperlipidemia, carpal tunnel syndrome, blood clot in vein, and digestive disorder were not severe. *Id.* The ALJ also found that Plaintiff's medically determinable mental impairments of attention deficit disorder ("ADHD") and bipolar disorder were not severe. R. 26–27.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of

impairments that met or medically equaled the severity of any Listing. R. 27–28.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 28–33. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as an emergency medical technician and a van driver. R. 33.

At step five, the ALJ found that a significant number of jobs–*i.e.*, approximately 152,000 jobs as an information clerk; approximately 74,060 jobs as an office helper; approximately 5,638 jobs as an electronic accessory assembler–existed in the  national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 34. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 2, 2014, his alleged disability onset date, through the date of the decision. R. 35.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 9; *Plaintiff's Reply Brief*, ECF No. 13. The Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 12.

## IV.    SUMMARY OF RELEVANT MEDICAL EVIDENCE

Plaintiff began treating on a monthly basis with Marivi De Jesus, M.D., a pain management specialist, on June 1, 2017. R. 1283. On July 18, 2018, Dr. De Jesus completed a seven-page fill-in-the-blank and check-the-box form entitled "Pain Assessment." R. 1283–89 (Exhibit D46F) ("Dr. De Jesus' July 2018 opinion"). Dr. De Jesus noted that Plaintiff suffers

from medical impairments that can reasonably be expected to produce pain, including cervical disc disorder with radiculopathy, intervertebral disc disorder with radiculopathy (lumbar), intervertebral disc replacement in the thoracic region, and lateral epicondylitis (left elbow). R. 1283. When asked to list the clinical and laboratory findings that support these diagnoses, Dr. De Jesus wrote, "[p]lease refer to previously sent record." *Id.* According to Dr. De Jesus, Plaintiff's ongoing impairments were expected to last at least 12 months and Plaintiff was not a malingerer. *Id.* Dr. De Jesus described Plaintiff's pain as constant and resulted in difficulty with activities of daily living as well as decreased sleep. R. 1284. The pain existed in Plaintiff's neck, hands bilaterally, shoulders bilaterally, and lower back radiating to the legs bilaterally; there was also numbness and paresthesia in the toe as well as intermittent left elbow pain with occasional swelling. *Id.* Prolonged standing, walking, sitting, and cold weather precipitated and aggravated Plaintiff's pain. *Id.* According to Dr. De Jesus, Plaintiff suffered from Complex Regional Pain Syndrome ("CRPS") or Chronic Pain Syndrome ("CPS"); Plaintiff's pain has lasted for more than six months and has resulted in impaired sleep, numbness, and paresthesias. R. 1285. Plaintiff 's pain was treated with injections and opioid analgesia as well as non-pharmacological measures such as massage, physical therapy, and a TENS unit. *Id.*

Dr. De Jesus opined that Plaintiff could perform a job in a seated position for two hours and could stand and/or walk for two hours. R. 1287. Plaintiff would be required to avoid continuous sitting in an eight-hour day, although the doctor was "unable to estimate" how frequently Plaintiff would have to change position. *Id.* Plaintiff was not required to elevate his legs while sitting. *Id.* Dr. De Jesus went on to identify additional functional limitations, opining that Plaintiff could frequently (defined as 1/3 to 2/3 of an eight-hour day) lift and

carry up to 10 pounds, but could rarely or never carry over 10 pounds. *Id.* Finding that Plaintiff has significant limitations in reaching, handling, or fingering, Dr. De Jesus opined that, in an eight-hour workday, Plaintiff could frequently grasp, turn, and twist objects with both hands and frequently use both hands/fingers for fine manipulations, but could only occasionally (defined as up to 1/3 of an eight-hour workday) use either arm for reaching (including overhead reaching). R. 1288. According to Dr. De Jesus, Plaintiff's symptoms were likely to increase if he were placed in a competitive work environment and Plaintiff's pain, fatigue, or other symptoms would frequently interfere with his attention and concentration. *Id.* Dr. De Jesus believed that Plaintiff would need to take unscheduled rest breaks at unpredictable intervals throughout an eight-workday but the doctor was "unable to predict" how long Plaintiff would have to rest before returning to work. *Id.* Plaintiff was likely to be absent from work more than three times a month as a result of his impairments or treatment. R. 1289. Finally, Dr. De Jesus opined that Plaintiff's symptoms and related limitations began as far back as 1995. *Id.*

## V. DISCUSSION

Plaintiff raises different challenges to the ALJ's decision, including, *inter alia*, that the ALJ erred in weighing Dr. De Jesus' opinions. *Plaintiff's Brief*, ECF No. 9, pp. 25–32; *Plaintiff's Reply Brief*, ECF No. 13. This Court agrees.

An ALJ must evaluate all record evidence in making a disability determination. *Plummer,* 186 F.3d at 433; *Cotter,* 642 F.2d at 704. The ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests," and one sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704–05. Specifically, the ALJ must discuss the evidence that supports the decision, the evidence that the

ALJ rejected, and explain why the ALJ accepted some evidence but rejected other evidence. *Id.*
at 705–06; *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505–06 (3d Cir. 2009); *Fargnoli v.
Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Although we do not expect the ALJ to make
reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder,
to consider and evaluate the medical evidence in the record consistent with his responsibilities
under the regulations and case law."). Without this explanation, "the reviewing court cannot tell
if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705;
*see also Burnett,* 220 F.3d at 121 (citing *Cotter*, 642 F.2d at 705).

"'A cardinal principle guiding disability eligibility determinations is that the ALJ accord
treating physicians' reports great weight, especially when their opinions reflect expert judgment
based on a continuing observation of the patient's condition over a prolonged period of time.'"
*Nazario v. Comm'r Soc. Sec.*, 794 F. App'x 204, 209 (3d Cir. 2019) (quoting *Morales v. Apfel*,
225 F.3d 310, 317 (3d Cir. 2000)); *see also Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352,
355 (3d Cir. 2008) (stating that an ALJ should give treating physicians' opinions "great weight")
(citations omitted); *Fargnoli*, 247 F.3d at 43 (3d Cir. 2001) (stating that a treating physician's
opinions "are entitled to substantial and at times even controlling weight") (citations omitted).
However, "[a] treating source's opinion is not entitled to controlling weight if it is 'inconsistent
with the other substantial evidence in [the] case record.'" *Hubert v. Comm'r Soc. Sec.*, 746 F.
App'x 151, 153 (3d Cir. 2018) (quoting 20 C.F.R. § 404.1527(c)(2)); *see also Brunson v.
Comm'r of Soc. Sec.*, 704 F. App'x 56, 59–60 (3d Cir. 2017) ("[A]n ALJ may reject the opinion
of a treating physician when it is unsupported and inconsistent with the other evidence in the
record."). "In choosing to reject the treating physician's assessment, an ALJ may not make
speculative inferences from medical reports and may reject a treating physician's opinion

11

outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Morales*, 225 F.3d at 317 (internal quotation marks and citations omitted). The ALJ must consider the following factors when deciding what weight to accord the opinion of a treating physician: (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the treating source's specialization; and (6) any other relevant factors. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)−(6).[4] Accordingly, "the ALJ still may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.'" *Sutherland v. Comm'r Soc. Sec.*, 785 F. App'x 921, 928 (3d Cir. 2019) (quoting *Morales*, 225 F.3d at 317); *see also Nazario*, 794 F. App'x at 209–10 ("We have also held that although the government 'may properly accept some parts of the medical evidence and reject other parts,' the government must 'provide some explanation for a rejection of probative evidence which would suggest a contrary disposition.'") (quoting *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994)); *Morales*, 225 F.3d at 317 ("Where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit[.]"); *Cotter*, 642 F.2d at 706–07 ("Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.") (internal citation omitted).

---

[4] The Social Security Administration amended the regulations addressing the evaluation of medical evidence, *see*, *e.g.*, 20 C.F.R. § 404.1527 (providing that the rules in this section apply only to claims filed before March 27, 2017); 20 C.F.R. § 416.927 (same), and SSR 96-2p was rescinded. Plaintiff filed his claims on December 30, 2015.

Here, at step four of the sequential evaluation process, the ALJ found that Plaintiff had the RFC to perform light work subject to certain additional limitations:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can never climb ropes, ladders or scaffolds; never be exposed to unprotected heights or hazardous machinery. He can occasionally climb stairs and ramps but he can never crawl. He can occasionally stoop and crouch. He can perform occasional reaching overhead and frequent reaching in all other directions. He can perform frequent fingering and handling. He can occasionally push and pull. He can occasionally balance. He can have occasional exposure to extremes in environmental conditions. He can stand and/or walk for four hours in an eight-hour workday.

R. 28. In making this finding, the ALJ considered Dr. De Jesus' opinions, including the July 2018 opinion (found at Exhibit D46F) as follows: "Dr. DeJesus opined that the claimant will be absent from work more than three times per month (Exhibit D46F). However, limited weight is accorded to Dr. DeJesus's opinion because it is not supported by the evidence." R. 33.

Plaintiff challenges, *inter alia*, the ALJ's evaluation of Dr. De Jesus' July 2018 opinion, arguing that the ALJ did not adequately explain why he discounted this opinion, including how the evidence failed to support this opinion. *Plaintiff's Brief*, ECF No. 9, pp. 27–32; *Plaintiff's Reply Brief*, ECF No. 13. Plaintiff's arguments are well taken. As a preliminary matter, the Court notes that the ALJ failed to expressly acknowledge most of the doctor's specific functional limitations—including the limitations on Plaintiff's ability to sit or stand/walk for more than two hours and more than only occasionally reaching with both arms in an eight-hour workday—and expressly discounted only the physician's opinion that Plaintiff would be absent from work more than three times per month. R. 33, 1287–89. Notably, the ALJ did not explain why he implicitly rejected these other limitations articulated by Dr. De Jesus, which are not reflected in the RFC determination. R. 28. Although an ALJ is free to determine whether and to what extent a treating physician's opinions should be credited, the ALJ cannot reject evidence from a treating physician

13

"for no reason[.]" *Morales*, 225 F.3d at 317 (citation and internal quotation marks omitted); *see also Fargnoli*, 247 F.3d at 43 (stating that when an ALJ "weigh[s] the credibility of the evidence, he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence.").

In addition, the ALJ nowhere explains why "evidence"- otherwise unidentified - does not support Dr. De Jesus' opinion that Plaintiff will be absent from work at least three times per month. *See* R. 33 (providing no cites to the record or discussion of the evidence supporting this conclusion). The ALJ's decision simply does not allow this Court to understand and assess the basis for the ALJ's discounting of this limitation in Dr. De Jesus' July 2018 opinion. *See Jones*, 364 F.3d at 505 (stating that an ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review"); *Zigarelli v. Comm'r, Soc. Sec. Admin.*, No. CV 18-12690, 2019 WL 3459080, at *4 (D.N.J. July 30, 2019) ("The ALJ, however, does not explain in what way he found the limitation to be vague, nor does he cite to specific contradictory evidence in the record. . . . [and] fails to explain how the opinion and treatment note are inconsistent with each other.[] Thus, the Court cannot determine whether the ALJ properly discounted Dr. Ranawat's opinion in this regard."); *Hines v. Colvin*, No. CV 18-13828, 2018 WL 6313499, at *4 (D.N.J. Dec. 3, 2018) ("These vague citations to the record are insufficient to 'provide a clear and satisfactory explication" of the weight given to Dr. Allegra's opinion in order to assist a reviewing court in "perform[ing] its statutory function of judicial review.'") (quoting *Cotter*, 642 F.2d at 704−05).

The Acting Commissioner points to other portions of the record that she believes support the ALJ's assessment of Dr. De Jesus' July 2018 opinion. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 12, pp. 13−14. The Court rejects the Acting Commissioner's suggestion

14

that other evidence in the record supports the ALJ's consideration of Dr. De Jesus' July 2018 opinion. *Id.* The ALJ did not rely on this evidence in weighing this opinion. R. 33. The Court must therefore reject the Commissioner's *post hoc* rationalization in this regard. *See Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 305 (3d Cir. 2013) ("Our review must also be based on 'the administrative record [that was] already in existence' before the agency, not 'some new record made initially in the reviewing court' or 'post-hoc rationalizations' made after the disputed action.") (quoting *Rite Aid of Pa., Inc. v. Houstoun*, 171 F.3d 842, 851 (3d Cir. 1999)); *Fargnoli*, 247 F.3d at 44 n.7 (3d Cir. 2001) (stating that a district court should not substitute its own independent analysis for reasoning not mentioned by the ALJ) (citations omitted); *Rhodes v. Comm'r of Soc. Sec.*, No. CV 18-0678, 2019 WL 1042532, at *6 (D.N.J. Mar. 5, 2019) ("The Court is only permitted to consider the ALJ's decision based on the rationale contained in that decision; the Court is not to consider hypothetical rationales, which may justify the ALJ's decision, but which were not in fact underlying the opinion in question.") (citation omitted).

Moreover, it is unclear to what extent this error infected the ALJ's determination of Plaintiff's RFC. R. 28–33. Thus, the Court cannot meaningfully review the ALJ's RFC finding and determine whether substantial evidence supports that finding at step four. *See Murphy v. Comm'r of Soc. Sec.*, No. 1:19-CV-20122, 2020 WL 7022746, at *6 (D.N.J. Nov. 30, 2020) ("The ALJ's reliance on this misconception, along with other unsupported mischaracterizations of Plaintiff's physical abilities . . . permeates the ALJ's decision. As stated above, these errors cannot be separated from the ALJ's analysis of other record evidence such that the Court may determine whether substantial evidence supports the ALJ's RFC analysis.").

This Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of the opinions of the treating physician, Marivi De Jesus, M.D., and the RFC determination. Remand is appropriate, moreover, even if further examination of those opinions again persuades the Acting Commissioner that Plaintiff is not entitled to benefits; that determination is for the Acting Commissioner—not this Court—to make in the first instance. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks.").[5]

## VI.    CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:  September 9, 2021                    *s/Norah McCann King*
                                                             NORAH McCANN KING
                                                             UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the opinions of Dr. De Jesus and the RFC determination, the Court does not consider those claims. However, on remand, the Court encourages the Acting Commissioner to similarly clarify why the opinions of treating physician, Ann Kim, M.D., are not supported by the evidence. R. 32.